Zobel, J.
Plaintiff, a niece of the late E. Joseph McCarthy (“decedent”), and a beneficiary of a trust created pursuant to his will, has explicitly waived any claim to decedent’s entire estate. That is, she seeks no recovery for any purported failure to write a will in her sole favor. At present, she claims only in quantum meruit for the value of certain services, taking all circumstances into account, including (a) the nature and degree of her own change of position, and (b) the extent of decedent’s financial well-being.
Defendants have asserted by way of counterclaims that in bringing this action, plaintiff has triggered clauses in both the will and the trust. The clauses deprive any prospective beneficiary under either instrument of all benefits if the individual “for any reason whatsoever joining in . . . any proceeding to contest the validity” of the trust, the will, or any provision of either.
Thus the issue is simply: Does plaintiffs claim, as stated in the original complaint and in the amended complaint, constitute a “proceeding to contest the validity of’ the will, the trust, or any of their provisions?
Plaintiff originally explicitly pursued two avenues of recovery: quantum meruit for services (Count I) and promissory estoppel for decedent’s failure to “leave to her all of his property and assets” (Count II).
When defendants attacked Count II as an impermissible attempt to enforce an oral promise, G.L.c. 259 §5A, plaintiff amended the Complaint. Now, instead of alleging that “(i]njustice can be avoided only by the enforcement of [decedent’s] promise” to plaintiff “to leave to her all of his property and assets,” Orig. Compl. ¶22, ¶24, plaintiff refers exclusively to an unspecific “promise,” Amend. Compl. ¶22, and to the avoidance of injustice “only by the enforcement of [decedent’s] promise so that [plaintiff] can be compensated for the valuable personal services she performed,” Amend. Compl. ¶24.
Although disputing the validity of plaintiffs claim for the value of her services, defendants do not contest her right to make it. They do, however, urge that because the amendment merely restates the quantum meruit count, it adds nothing to plaintiffs demand for relief. They are correct. Even if, as plaintiff argues, proof of decedent’s promise to leave plaintiff his entire estate can come in as evidence of the value decedent put on plaintiffs services, her ultimate claim still covers only the services, not the entire estate.
A quantum meruit claim for the value of services would not, by itself, constitute an attack on the will or the trust, because that claim does not challenge the validity of either instrument. The claim exists, as it were, independently of the documents. Further, whatever the thrust of the original Complaint, the amended Complaint, as I have indicated above, comes to nothing more than a claim for services simpliciter.
Assuming for the moment that the original Complaint did attack the instruments, the question is whether the amendment changes the challenge, making what was once an assault an unthreatening gesture. Put another way, having started an omelette, can plaintiff unscramble the egg?
Although the analogy is not perfect, the Court applies the principle of relation-back, Mass.R.Civ.P. 15(c):
Whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment . . . relates back to the original pleading.
Defendants will suffer no prejudice from treating the amended Complaint as though it had been brought originally, asserting (as it does) only a claim for quantum meruit relief. Thus we have nothing more than a claim for services, not an effort to “break” either the will or the trust.
ORDER
Accordingly, it is Ordered, that defendants’ Motion to Strike Count II of plaintiffs Complaint as Amended or, in the Alternative, to Dismiss Count II be, and the same hereby is, Allowed; and it is Further Ordered, that plaintiffs Motion to Dismiss Defendants’ First and Second Counterclaims be, and the same hereby is Allowed.